UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FRANKLIN OJEDA,<br><br>            Plaintiff,<br> v.<br><br>JOHN CEREJO,<br><br>            Defendant. | 3:09-cv-222(CSH) |

## RULING ON MOTION FOR SUMMARY JUDGMENT

On February 5, 2009, Plaintiff Franklin Ojeda filed a complaint alleging that on March 24, 2008, Defendant John Cerejo, a police officer in the town of Meriden, Connecticut, on assignment to the Connecticut Statewide Narcotics Task Force, along with other officers who were not named as defendants in this lawsuit, "subjected the plaintiff to a vicious and brutal beating for no known reason."  (Compl. ¶ 7)  Plaintiff was not arrested.  Plaintiff claims that Defendant's actions violated his Fourth Amendment right to be free from excessive force.

On April 29, 2010, Defendant filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 [Doc. 30], which provides for the entry of summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  To the motion for summary judgment, Defendant attached his affidavit stating that he was indoors executing a search warrant for the apartment of another individual, Michael Perez, when Defendant arrived the parking lot of the apartment building to visit Perez.  Defendant avers that when he emerged from the building, Plaintiff was already detained.  (Affid. ¶ 11: "When I first saw Mr. Ojeda, he was seated on the pavement in the parking lot with his hands cuffed behind

his back for reasons of officer safety.")  Defendant further declares: "Because I was preoccupied with the execution of the search warrant inside the Perez apartment, I did not see Mr. Ojeda stopped or accosted by the other members of the team outside in the parking lot.  As a result, I have no knowledge of the tactics employed during the course of his detention or whether Mr. Ojeda suffered any injury as a result."  (Affid. ¶ 15)  He notes that, "During the brief time that I was present, Mr. Ojeda did not appear to be injured in any way, nor did he complain of any injury" (Affid. ¶ 14), and that "I do not believe that Mr. Ojeda was detained for more than ten minutes." (Affid. ¶ 13)

On May 14, 2010, Plaintiff filed a two-page response to the motion for summary judgment, stating:

> [The] defendant has moved for summary judgment and has submitted an affidavit in which he swears that he was a member of the team but was not physically present at the time some of the other officers interacted with the plaintiff.  The plaintiff, who has testified that all his assailants were masked, cannot contradict the defendant's affidavit.  Accordingly, the defendant's motion for summary judgment may be granted without objection.

[Doc. 33]  In light of Plaintiff's submission that he does not object to the entry of summary judgment against him, Defendant's motion for summary judgment [Doc. 30] is hereby granted.  The Clerk is directed to dismiss the complaint with prejudice and close the case.

SO ORDERED.

Dated: New Haven, Connecticut
      May 18, 2010

                                                     /s/ *Charles S. Haight, Jr.*
                                                    Charles S. Haight, Jr.
                                                    Senior United States District Judge